# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELLEN NEYLAN-SMITH, | :    CIVIL ACTION NO.: |
|     Plaintiff | : |
| | : |
| v. | : |
| | : |
| AT&T CORP. | : |
| RITA SMITH | : |
|     Defendants. | :    NOVEMBER 12, 2009 |

## COMPLAINT

### INTRODUCTION

1.  This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of Defendants' violation of the Family and Medical Leave Act ("FMLA").

2.  Plaintiff brings this as an individual action under the FMLA, 29 U.S.C. §§2601 *et seq*.

### PARTIES

3.  Plaintiff, Ellen Neylan-Smith ("Plaintiff"), is an individual residing at 36 Wheeler Hill Drive, Durham, Connecticut. At all times relevant to this Complaint, Plaintiff was employed by Defendant Corporation.

4.  Defendant, AT&T Corp. ("Defendant Corporation"), is a foreign corporation doing business in the State of Connecticut. Defendant Corporation maintains a facility at 40 Brainard Road, Hartford, Connecticut.

5.  Upon information and belief, Defendant, Rita Smith ("Defendant Smith"), is an individual residing at 170 Beach Avenue, Milford, Connecticut. At all times relevant to this Complaint, Defendant Smith was employed by Defendant Corporation and had supervisory

authority in whole or in part over Plaintiff. At all times relevant to this Complaint, Defendant Smith's business address is 40 Brainard Road, Hartford, Connecticut.

**JURISDICTION**

6. The United States District Court for the District of Connecticut has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. §1331 because it raises questions under the FMLA.

**BACKGROUND**

7. Defendants were, at all times relevant to this Complaint, engaged in commerce or in an industry or activity affecting commerce and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C. §2611(4).

8. At all times relevant herein, Plaintiff was employed by Defendant Corporation for at least twelve (12) months and had at least one thousand two hundred fifty (1,250) hours of service with Defendant Corporation and therefore was an "eligible employee" under the FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

9. Plaintiff began her employment with Defendant Corporation on or about August 13, 1984 and currently holds the position of Technical Assistant.

10. Throughout her employment with Defendant Corporation, Plaintiff has an excellent work record and is well qualified for the positions she has held.

11. On or about September 1, 2008, Plaintiff's sister was diagnosed with a glioma (brain tumor).

12. In or about February 2009, Plaintiff's sister's condition worsened and required daily care from her family members.

13.     On or about April 8, 2009, Plaintiff's sister was admitted to the hospital and was diagnosed as suffering from pneumonia.

14.     On or about April 14, 2009, Plaintiff's sister passed away.

15.     During the time from approximately February of 2009 through April of 2009, Plaintiff requested a leave of absence from work on several occasions.

16.     From approximately April 9, 2009 through May 26, 2009, Plaintiff was on approved short term disability leave from work which ran concurrently with Plaintiff's FMLA leave.

17.     On May 26, 2009, Plaintiff returned to work.

18.     Almost immediately upon Plaintiff's return, she was subjected to harassment and retaliation by her immediate supervisor, Defendant Smith.

19.     Defendant Smith harassed and retaliated against Plaintiff on numerous occasions, on account of Plaintiff exercising her rights under the FMLA, including, but not limited to:

   a.   Defendant Smith changed Plaintiff's work schedule;

   b.   Defendant Smith made derogatory comments about Plaintiff, her sister, and her sister's condition;

   c.   On more than one occasion, Defendant Smith confronted Plaintiff in a loud, threatening, angry, and unprofessional manner;

   d.   On at least one occasion, Defendant Smith refused to mark Plaintiff's absence(s) as FMLA qualified despite the fact that Plaintiff had been approved for FMLA leave, and charged Plaintiff with an unexcused absence, for which Plaintiff could receive discipline;

   e.   Defendant Smith contacted Defendant's Security Department to investigate Plaintiff's absences which were approved as short term disability and FMLA qualifying

3

absences; and

f.      Defendant Smith refused to correctly submit FMLA documentation on Plaintiff's behalf as required.

### COUNT ONE:     RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (as against Defendant Corporation)

1-19.   The foregoing paragraphs 1 through 19 are hereby incorporated as paragraphs 1 through 19 of Count One as if fully set forth herein.

20.     Plaintiff was eligible for and entitled to FMLA leave; she provided Defendant Corporation with adequate notice of her request for FMLA leave, as well as sufficient information to inform Defendants that she requested leave for a protected reason.

21.     As described above, Defendant Corporation, intentionally retaliated against Plaintiff for exercising her rights under the FMLA.

22.     As a result of Defendant Corporation's conduct, Plaintiff has suffered damages, including, but not limited to, mental anguish, emotional distress, humiliation, embarrassment, and loss of enjoyment of life.

23.     As a further result of the actions of Defendants, Plaintiff has incurred, and will continue to incur, attorneys' fees and costs in pursuing this action.

### COUNT TWO:     RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (as against Defendant Smith)

1-19.   The foregoing paragraphs 1 through 19 are hereby incorporated as paragraphs 1 through 19 of Count Two as if fully set forth herein.

20.     Plaintiff was eligible for and entitled to FMLA leave; she provided Defendants

with adequate notice of her request for FMLA leave, as well as sufficient information to inform Defendants that she requested leave for a protected reason.

21. As described above, Defendant Smith, intentionally retaliated against Plaintiff for exercising her rights under the FMLA.

22. Defendant Smith exercised control over Plaintiff's leave and her employment status in retaliating against Plaintiff as described above.

23. As a result of Defendant Smith's conduct, Plaintiff has suffered damages, including, but not limited to, mental anguish, emotional distress, humiliation, embarrassment, and loss of enjoyment of life.

24. As a further result of the actions of Defendants, Plaintiff has incurred, and will continue to incur, attorneys' fees and costs in pursuing this action.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff claims:

1. Liquidated Damages as provided under 29 U.S.C. § 2617;

2. Compensatory Damages, including, but not limited to, mental anguish, emotional distress, humiliation, embarrassment, and loss of enjoyment of life;

3. Interest and costs;

4. Statutory and/or common law Attorneys' fees and legal costs; and

5. Such other relief as in law or equity may pertain.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

PLAINTIFF, Ellen Neylan-Smith

By: /s/ Kera L. Raoff
Kera L. Raoff (ct 28122)
Madsen, Prestley, & Parenteau LLC
44 Capital Avenue, Suite 201
Hartford, CT 06106
Tel. (860) 246-2466 – Fax. (860) 246-1794
Attorneys for Plaintiff
kcroteau@mppjustice.com

6